**FRUEHAUF CORPORATION, et al., Petitioners,**

v.

**Maria and Hilario CARRILLO, Individually, et al., Respondents.**

No. D–3156.

Supreme Court of Texas.

Feb. 24, 1993.

Rehearing Overruled March 31, 1993.

John L. Lancaster III, David C. Myers, Dallas, Knox D. Nunnally, Marie R. Yeates, Penelope E. Nicholson, Catherine (Smith) Bukowski, Houston, Baldemar Gutierrez, Alice, Jesus Maria Alvarez, Rio Grande City, Robert M. Schick, Houston, Arnulfo Guerra, Roma, for petitioners.

Frank R. Nye, Jr., Rio Grande City, Rudolfo Nava, San Antonio, William J. Chriss, Cage Wavell, Frank G. Davila, Augustin Rivera, Jr., Corpus Christi, for respondents.

PER CURIAM.

This is a negligence action arising out of a collision between a station wagon and a parked tractor trailer. A take-nothing judgment against the plaintiffs, relatives of several individuals killed in the accident, was signed on September 21, 1990. Plaintiffs filed motions for new trial which the trial court granted on December 4, 1990,

the 74th day after the date of judgment. On the 75th day, December 5, 1990, the trial court set aside its order granting the motions for new trial and overruled the motions.

■ Plaintiffs appealed complaining that the trial court acted without authority when it vacated its order for a new trial. The court of appeals sustained plaintiffs' point of error as to the motions for new trial, holding that the trial court did not have the authority during the 75–day period provided by Texas Rule of Civil Procedure 329b to vacate the previously granted motions for new trial. 838 S.W.2d 573.

The pertinent provisions of Rule 329b provide as follows:

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

The court of appeals erred in holding that a trial court does not have the authority to vacate an order for a new trial during the 75–day period. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961).

■ A trial court has plenary power over its judgment until it becomes final. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978). The trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered. *Texas Crushed Stone Co. v. Weeks*, 390 S.W.2d 846, 849 (Tex.Civ. App.—Austin 1965, writ ref'd n.r.e.). An order granting a new trial is an unappealable, interlocutory order. *B.F. Walker, Inc. v. Chaney*, 446 S.W.2d 896, 897 (Tex.Civ. App.—Amarillo 1969, writ ref'd n.r.e.). De-

nying the trial court the authority to reconsider its own order for new trial during the 75–day period needlessly restricts the trial court, creates unnecessary litigation, and is inconsistent with the notion of inherent plenary power vested in the trial courts.

Accordingly, pursuant to Texas Rule of Appellate Procedure 170, a majority of the court grants Petitioners' applications for writ of error, and without hearing argument, reverses the judgment of the court of appeals and remands this cause to that court for consideration of points of error not addressed on original appeal.