In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-116 CV


____________________



RAYMOND L. COLLINS, Appellant



V.



TED BLANCHARD, GUY WHITFORD, AND 


THE BEAUMONT TRANSITIONAL TREATMENT CENTER, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. A-175,610






 MEMORANDUM OPINION 


 This appeal arises from a summary judgment granted against a pro se plaintiff. 
Raymond L. Collins, an inmate, sued appellees for malice, deliberate indifference, and
several types of negligence that allegedly caused Collins's parole violation and return to
prison. The trial court granted summary judgment in favor of Beaumont Transitional
Treatment Center, Ted Blanchard, and Guy Whitford and also granted their motion for
severance. (1) Proceeding pro se on appeal, Collins brings numerous issues attacking the
summary judgment. We affirm.

Background


 In June 2003, the Texas Department of Criminal Justice (TDCJ) paroled Collins, who
had been convicted for cocaine possession and indecency with a child. As part of his parole
conditions, TDCJ transferred him to the Beaumont Transitional Treatment Center ("Center"),
a half-way house. TDCJ requires that convicted sex offenders live at such facilities until
other suitable living arrangements can be made. Further, TDCJ requires such facilities to
collect a fee equal to twenty-five percent of a parolee's income to reduce state costs. 

 Upon registering at the half-way house, Collins promised in a written agreement to
pay the twenty-five percent fee on "any and all income" and agreed to report to the half-way
house the "amounts of income received, tips, bonuses, refunds, and gift monies upon the
receipt of said monies . . . ." However, when Collins received a supplemental check from
Social Security, he refused to pay the agreed twenty-five percent fee. Ted Blanchard, the
Center's director, telephoned Collins's parole officer and informed her of Collins's refusal.
Despite the officer's explanation regarding Collins's payment obligations, Collins persisted
in refusing to pay. Blanchard maintains he subsequently told Collins to return to his parole
officer for further instruction. 

 Collins alleges that the Center evicted him. He further contends that he had no one
to help him and took the only "safe" course-he paid someone to take him to the local bus
station, purchased a ticket to Ohio, where his mother lives, and left Texas. Upon arriving in
Ohio, Collins surrendered to local authorities and he was extradited to Texas. After the court
revoked his parole, he returned to prison. 

 Collins filed a pro se brief in his appeal. We construe Collins's appellate issues to
assert that: (1) the trial court erred in granting a traditional summary judgment; (2) the trial
court erred in granting a no-evidence summary judgment; and (3) the trial court erred in
granting appellees' motion to sever.

Analysis


 We first consider whether the trial court erred in granting a no-evidence summary
judgment against Collins. To defeat a no-evidence summary judgment motion, the non-movant must produce summary judgment evidence raising a genuine issue of material fact
regarding each element challenged by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004). The non-movant raises a genuine issue of material fact by producing
"more than a scintilla of evidence" establishing the challenged element's existence. Id. 
When, as in this case, the trial court granted summary judgment without specifying the
grounds for doing so, we will affirm if any theory advanced by appellees is meritorious. Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). Further, Texas law holds pro se
litigants to the same standards as those for licensed attorneys and requires pro se litigants to
comply with all applicable laws and rules of procedure. Strange v. Cont'l Cas. Co., 126
S.W.3d 676, 677 (Tex. App.-Dallas 2004, pet. denied).

 Before the trial court, Collins alleged the appellees acted with: (1) negligence; (2) (2)
gross negligence; (3) and (3) malice. The elements of a negligence claim are: (a) a legal duty
owed by one person to another; (b) a breach of that duty; and (c) damages proximately
resulting from the breach. See Werner v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995). To
show gross negligence, a litigant must show that: "(1) viewed objectively from the actor's
standpoint, the act or omission complained of must involve an extreme degree of risk,
considering the probability and magnitude of the potential harm to others; and (2) the actor
must have actual, subjective awareness of the risk involved, but nevertheless proceed in
conscious indifference to the rights, safety, or welfare of others." Coastal Transp. Co. v.
Crown Cent. Petroleum Corp., 136 S.W.3d 227, 231 (Tex. 2004). To establish malice, a
claimant must show that a party acted with "a specific intent . . . to cause substantial injury
or harm to the claimant." Tex. Civ. Prac. & Rem. Code Ann. § 41.001(7) (Vernon Supp.
2006).

 In its motion for summary judgment, the Center contended that Collins had no
evidence of any of the elements of any of his causes of action. Thus, to overcome the
appellees' claim, Collins had to produce summary judgment evidence raising a genuine issue
of material fact as to each of the elements of his causes of action. Tex. R. Civ. P. 166a(i);
Ridgway, 135 S.W.3d at 600. Because Collins produced no evidence, a no-evidence
summary judgment was proper. We need not consider whether the trial court properly
granted a traditional summary judgment. See Francis, 46 S.W.3d at 242. All of Collins's
issues challenging the summary judgment are overruled.

 Collins also contests the trial court's order that granted the Center's request for a
severance. Collins asserts that when the trial court granted the severance order its plenary
power had expired.

 However, the trial court's order entered on March 6, 2006, was not a final judgment
because it did not dispose of all of the parties. See Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). "A trial court has plenary power over its judgment until it becomes
final." Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993). When the trial court
severed Collins's cause of action against appellees, the summary judgment in favor of
appellees became final and appealable. See Martinez v. Humble Sand & Gravel, Inc., 875
S.W.2d 311, 312 (Tex. 1994). Collins's issues challenging the validity of the severance order
are overruled.

 Accordingly, we overrule all of Collins's issues and affirm the trial court's judgment.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on December 29, 2006

Opinion Delivered March 8, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. We refer to the defendants that obtained a summary judgment collectively as the
"Center." Collins also sued John Doe, James Doe, Elmer Doe, Mrs. Bryant, Janice Jones,
Molly (Fore/Forge), and the Texas Department of Criminal Justice (Parole Division), none
of whom are parties to this appeal. 
2. We construe Collins's allegations of concurrent negligence and culpable negligence
to be derivations of his general negligence claim because his pleadings do not distinguish
concurrent or culpable negligence from general negligence.
3. Because Collins does not distinguish his "deliberate indifference" from the
"conscious indifference" component of gross negligence, we consider his deliberate
indifference allegation to be subsumed by the gross negligence allegation.