# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00567-CV

**Robert Belt, Appellant**

**v.**

**Point Venture Property Owners' Association Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GV-01-002920, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Belt brings this restricted appeal from an order to pay excess proceeds from a tax foreclosure sale of property. *See* Tex. Tax Code Ann. § 34.04 (West Supp. 2007). The underlying suit was brought by Travis County on behalf of various taxing units[1] to recover delinquent taxes, penalties and interest against Pankaj Mohanlal Naik, as the property owner, and against Point Venture Property Owners' Association, Inc. (in rem only), by virtue of a lien Point Venture had placed on the property. Default judgment was entered against both defendants on April 30, 2004, and the trial court ordered the property sold and the proceeds, after satisfaction of the judgment, disposed in accordance with the tax code:

---

[1] The taxing units were Travis County, Lago Vista Independent School District, Travis County Emergency Services District No. 1, and Water Control Improvement District-Point Venture.

> The officer conducting the sale shall pay any excess proceeds after payment of all amounts due all participants in the sale as specified above to the Clerk of the Court issuing the Order of Sale, who shall maintain and dispose of such excess proceeds in accordance with the provisions of Texas Tax Code §§ 34.03 and 34.04.

Belt purchased the property from Naik shortly before the tax foreclosure sale occurred.

The excess proceeds in the amount of $17,836.81 from the foreclosure sale were paid to the clerk of the court, and appellee Point Venture Property Owners' Association, Inc. filed a petition asserting a claim to the excess proceeds in March 2007. The trial court held a hearing and ordered the release of $4,112 to Point Venture on April 13, 2007. Belt filed a notice of appeal of the order on May 14, 2007, but he did not pursue the appeal. He filed a motion to intervene and a motion for new trial on May 17, 2007. Belt contended that a new trial should be awarded because he did not have notice or an opportunity to participate in the April hearing. Belt also filed a petition to recover excess proceeds of $13,724.81 on June 22, 2007, and was awarded this amount on August 24, 2007. In his petition to recover the remaining amount, Belt did not seek to have the prior payment to Point Venture from the excess proceeds set aside. On October 10, 2007, Belt filed a notice of restricted appeal of the April 13, 2007 order.

On January 31, we notified Belt of our concern that we lacked jurisdiction over the appeal because the April 13, 2007 order was interlocutory and informed him that the appeal was subject to dismissal unless a response was filed by February 11, 2008. *See* Tex. R. App. P. 42.3. In response, Belt contends that the order is appealable because section 34.04 of the property code allows appeals from orders for excess proceeds and the trial court stated that the order was appealable. *Id.*

2

We agree that section 34.04 provides a right to appeal, but conclude that the April 13 order was interlocutory, and not a final, appealable order from which Belt may appeal. *See Nelson v. Lubbock Cent. Appraisal Dist.*, No. 07-02-0349-CV, 2003 Tex. App. LEXIS 3733, at *4-6 (Tex. App.—Amarillo Apr. 30, 2003, no pet.) (mem. op.) (holding order to distribute part of excess proceeds under section 34.04 of the tax code interlocutory); *see also Johnson v. Ameriquest Mortgage Co.*, No. 14-04-00121-CV, 2004 Tex. App. LEXIS 4309, at *4-5 (Tex. App.—Houston [14th Dist.] May 13, 2004, no pet.) (mem. op.) (trial court retains plenary jurisdiction to set aside order to distribute excess proceeds under section 34.04 of the tax code when order does not address all claims to the proceeds; citing *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993)). The April 13, 2007 order only directed the distribution of a portion of the excess proceeds. This Court lacks jurisdiction over an appeal from an interlocutory order unless jurisdiction is specifically provided by statute. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). No statute authorizes an interlocutory appeal from an order to distribute a portion of the excess proceeds from a tax sale. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2007). Accordingly, this appeal is dismissed for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   February 22, 2008

3