Dismissed and Memorandum Opinion filed April 24, 2008








Dismissed
and Memorandum Opinion filed April 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00094-CV

____________

 

TERRYL REBECTOR, Appellant

 

V.

 

ANGLETON DANBURY HOSPITAL and
LAWRENCE W. ANDREWS, M.D., Appellees

 



 

On Appeal from the 412th District
Court

Brazoria County, Texas

Trial Court Cause No.
42006

 



 

M E M O R
A N D U M  O P I N I O N

According
to appellant=s notice of appeal, this is an attempted appeal from the granting of a
motion for new trial after a default judgment and the denial of the motion for
reconsideration of the new trial grant in a medical malpractice action.  The
default judgment was signed August 17, 2007.  Appellees filed a timely motion
for new trial on September 14, 2007.  It is well-settled that an order granting
a new trial is not appealable.  See, e.g., Fruehauf Corp. v. Carrillo,
848 S.W.2d 83, 84 (Tex. 1993) (per curiam).








Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be
appealed only if permitted by statute.  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  

Appellees
filed a motion to dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant
filed a response to the motion which fails to demonstrate that this court has
jurisdiction over the appeal.  The cases cited in the response do not establish
that the order granting the new trial, or the order denying reconsideration thereof,
are appealable orders.  This is clearly not an appeal taken after a medical
malpractice plaintiff has failed to file an expert report and the defendant has
been denied an order under Section 74. 351(b) of the Texas Civil Practice and
Remedies Code.[1]  In addition,
in granting the new trial, the court afforded appellant additional time to file
the expert report required by section 74.351.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(c) (Vernon Supp. 2007).  An
appeal may not be taken from an order granting an extension under Section
74.351.  Tex. Civ. Prac. & Rem. Code
Ann. ' 51.014(a)(9) (Vernon Supp. 2007).  We need not address appellant=s arguments concerning the
application of the Craddock test for setting aside a default judgement
because we lack jurisdiction to reach the merits of appellant=s arguments.  See Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (1939). 

 

 








Appellees= motion is granted.  Accordingly, the
appeal is ordered dismissed.

 

PER
CURIAM

Judgment rendered and Memorandum Opinion filed April
24, 2008.

Panel consists of Chief Justice Hedges and Justices
Fowler and Boyce. 









[1]  Section 51.014(a)(9) of the Texas Civil Practice and
Remedies Code permits an interlocutory appeal to be taken from an order
denying, in full or in part, a request for an order that:

(1) awards to the affected physician or health care
provider reasonable attorney's fees and costs of court incurred by the
physician or health care provider; and

(2) dismisses the claim with respect to the physician
or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem.
Code Ann. ' 74.351(b) (Vernon Supp. 2007).