

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00338-CV

IN RE PRAIRIESMARTS LLC AND
CASEY ROCKWELL

----------

ORIGINAL PROCEEDING

----------

## CONCURRING OPINION

----------

The majority holds that TD Ameritrade failed to meet its burden to establish necessity under rule 507's burden-shifting framework because the facts that TD Ameritrade rely upon are relevant only to its rule-202 burden and merely demonstrate that PrairieSmarts's trade secret information might be useful in prosecuting a lawsuit. This court's conclusion that TD Ameritrade failed to meet its burden under rule 507 does not prohibit TD Ameritrade from potentially making the required showing under rule 507 in the event that it later sues PrairieSmarts and a similar dispute arises regarding production of the same

contested documents. *Cf. Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (reasoning that a trial court generally retains plenary power over its interlocutory orders until a final judgment is entered); *Reynolds v. Sw. Bell Tel., L.P.*, No. 02-05-00356-CV, 2006 WL 1791606, at *4 (Tex. App.—Fort Worth June 29, 2006) (mem. op.) (explaining that trial court may consider second motion for summary judgment after denying first, interlocutory motion for summary judgment). Accordingly, I concur in the majority opinion insofar as it addresses the parties' status in regard to the rule 202 presuit efforts to obtain depositions and discovery, but I would specifically hold that this opinion, which addresses rule 202 of the Texas Rules of Civil Procedure in conjunction with rule 507 of the Texas Rules of Evidence, does not preclude a trial court from revisiting this discovery issue if any of the parties to this mandamus action files a petition for relief.

/s/ Bill Meier
BILL MEIER
JUSTICE

DELIVERED: January 23, 2014