# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00564-CV

**Tony Davis, Appellant**

**v.**

**American Express Bank, FSB, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-11-007035, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a summary judgment in favor of American Express Bank, FSB in its suit to collect unpaid credit-card debt from Tony Davis. Davis, acting pro se, raises five issues challenging the summary judgment. Because we conclude that American Express was entitled to summary judgment on its breach-of-contract claim, we will affirm the trial court's judgment.

## BACKGROUND

Tony Davis was the holder of an American Express credit card. According to account records provided by American Express, Davis skipped making payments between December 2007 and February 2008 on an outstanding debt of over $58,000, and then made no payments at all after March 2008, despite being provided notice of his default. When the credit card was cancelled on June 20, 2008, Davis owed American Express $64,643.54.

American Express sued Davis alleging claims for breach of contract, account stated, quantum meruit, open account, and promissory estoppel and seeking recovery of the outstanding credit-card balance. Davis filed an answer and counterclaims alleging: (1) usury; (2) replevin, detinue, and trover; (3) violations of the Texas Deceptive Trade Practices Act; (4) breach of contract; (5) false statements in a lawsuit/civil conspiracy; (6) invasion of privacy by false appropriation of name or likeness; and (7) negligent misrepresentation. American Express subsequently filed a motion seeking referral of the case to mediation. The trial court granted the motion but the record does not reflect that mediation occurred.

Seven months after the parties were ordered to mediation, American Express filed a motion for summary judgment on its breach-of-contract claim[1] supported by an affidavit from its records custodian, a copy of the standard cardholder agreement, and copies of Davis's transaction history. The records custodian identified the attachments as true and correct reproductions of Davis's electronic file maintained by American Express and proved them up as business records. He also testified that Davis had failed to pay the amounts shown as due and owing on the monthly account statements and that, according to information contained in American Express's account records, Davis owed American Express $64,643.54 as of June 20, 2008. Davis filed a response objecting to the motion, asserting several defenses, and generally denying American Express's allegations, but he failed to provide any evidence in support of his response. The trial court granted

---

[1] American Express also sought summary judgment on its claims for quantum meruit, open account, and promissory estoppel but its motion clarified that the court need not reach these if American Express prevailed on its breach-of-contract claim.

summary judgment in favor of American Express for $64,643.54 plus postjudgment interest and ordered that Davis take nothing on his counterclaims. This appeal followed.

## DISCUSSION

On appeal, Davis asserts that the county court lacked jurisdiction to issue the summary judgment after "arbitration" had been ordered, that he had "offsetting claims" against American Express exceeding $75,000, that the evidence American Express provided in its summary-judgment motion constituted hearsay, that American Express was not "a real party in interest," that the debt had already been paid, and that American Express committed usury.

### *Standard of review*

We apply well-known standards in our de novo review of a summary judgment. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We must determine whether there is more than a scintilla of probative evidence raising genuine issues of material fact. Tex. R. Civ. P. 166a(c). We review the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215. When, as here, a trial court's summary judgment order does not state the specific grounds for its ruling, we must affirm the judgment if any of the theories advanced by the summary-judgment motion are meritorious. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Summary judgment is appropriate in a breach-of-contract suit seeking recovery on a credit-card debt when the plaintiff establishes: (1) existence of a valid contract; (2) performance or

3

tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Wakefield v. Wells Fargo Bank, N.A.*, No. 14-12-00686-CV, 2013 Tex. App. LEXIS 14018, at *11-12 (Tex. App.—Houston [14th Dist.] Nov. 14, 2013, no pet.) (mem. op.) (citing *Ghia v. American Express Travel Related Servs.*, No. 14-06-00653-CV, 2007 Tex. App. LEXIS 8194, at *3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, no pet.) (mem. op.)).

### Referral to alternative dispute resolution

In his first issue, Davis argues that the trial court lacked jurisdiction to issue the summary judgment after the court ordered the parties to "arbitration."[2]  Davis's response argued that this order prevented the trial court from acting on the summary judgment motion.  However, by proceeding to rule on the summary judgment, the trial court implicitly withdrew its prior mediation order.  *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) ("The trial court retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered."); *see also Montemayor v. State*, 55 S.W.3d 78, 87 (Tex. App.—Austin 2001, pet. ref'd) (trial court implicitly withdrew its decision to grant mistrial by ordering jury to resume deliberation); *In re T.M.*, 33 S.W.3d 341, 345 (Tex. App.—Amarillo 2000, no pet.) (trial court implicitly withdrew its dismissal order by rescheduling trial date).

---

[2] However, it is clear from the record that the trial court referred the parties to mediation, not arbitration.

Accordingly, Davis's contention that the trial court lacked jurisdiction to render summary judgment is meritless. We overrule Davis's first issue.

***Admissibility of the evidence provided by American Express***

In his third issue, Davis contends that the summary-judgment evidence produced by American Express was inadmissible hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Although hearsay is generally inadmissible as evidence, records kept in the regular course of business are exceptions to the hearsay rule. Tex. R. Evid. 803(6). Business records complying with Rule 803(6), or photocopies of such records, are admissible as evidence upon the affidavit of a qualified witness. Tex. R. Evid. 902(10).

Davis argues that because the documents provided by American Express were photocopies and not originals, they violate the Best Evidence Rule and are therefore inadmissable hearsay. The Best Evidence Rule requires a party to provide an original writing in order to prove its content, "unless otherwise provided in these rules or by law." Tex. R. Evid. 1002. But a duplicate is admissible to the same extent as an original unless the authenticity of the original is questioned or it would be unfair to admit the duplicate rather than the original. Tex. R. Evid. 1003. Davis does not contend that the original documents American Express provided lack authenticity or that it was unfair for the court to admit the duplicates. Further, Davis does not dispute that the documents are business records under Rule 803(6), nor does he challenge the sufficiency of the affidavit provided by American Express's records custodian. Accordingly, we conclude that the evidence produced by

5

American Express in support of its motion for summary judgment was not inadmissible hearsay. Davis's third issue is overruled.

**Whether American Express was a "real party in interest"**

In his fourth issue, Davis contends that American Express was not a "real party in interest" because it failed to produce the "original agreement." Davis cites no authority in support of this claim, nor does he make a substantive argument, rather, his discussion of this issue consists of a single conclusory sentence. *See* Tex. R. App. P. 38.1 (requiring briefs to contain appropriate citations to authority and clear and concise arguments for contentions made). Although we construe pro se briefs and pleadings liberally, pro se litigants are held to the same standards as licensed attorneys and must comply with relevant laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Otherwise, a pro se litigant would have an unfair advantage over a litigant who is represented by counsel. *Id.* at 185. Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983).

Even if this complaint were properly preserved for review, we note that American Express produced a copy of the standard cardholder agreement reflecting its terms and billing statements showing Davis's acceptance of the terms through his use of the credit card. *Compare Williams v. Unifund CCR Partners*, 264 S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (reversing summary judgment because there was no document produced showing terms of credit card agreement), *with Rogers v. Unifund CCR Partners Assignee of Citibank*, No. 01-10-01146-CV, 2012 Tex. App. LEXIS 3027, at *14 (Tex. App.—Houston [1st Dist.] Apr. 19,

2012, pet. denied) (mem. op.) (affirming summary judgment based on Unifund's evidence of credit card agreement, although not original agreement, that reflected agreement's terms and cardholder's acceptance of those terms by his continued use of credit card). Davis' fourth issue is overruled.

### Usury

In his sixth issue, Davis contends that American Express committed usury. Specifically, he argues that American Express violated Texas usury law by charging interest on a debt that was under dispute. Davis provided no evidence or legal authority to support this contention. *See* Tex. R. App. P. 38.1. Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived. *Trenholm*, 646 S.W.2d at 934.

Davis's sixth issue is overruled.

### Affirmative defenses

In his second and fifth issues, Davis asserts the affirmative defenses of offset and payment. Davis contends that he is not liable for his credit-card debt because American Express owes him over $75,000 in "offsetting claims" and because American Express has already been paid.

A party relying on an affirmative defense to oppose summary judgment must produce sufficient evidence to raise a fact issue on each element of that defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Pleadings are generally not competent summary-judgment evidence, even if they are sworn or verified. *Laidlow Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Here, Davis failed to produce any summary-judgment evidence supporting his affirmative defenses. In his response to the summary-judgment motion, Davis alleged

7

that he "has offsets that more than exceed any claimed debt" and that American Express "was already paid, whether through insurance, credit default swaps, tax writeoffs, or other means." He produced no evidence to support either allegation. Davis contends that the statements in his summary-judgment response "must be taken as true absent an accounting and absolute proof" by American Express. This assertion has no merit, as Davis bore the burden of supporting his affirmative defenses with evidence sufficient to raise a fact issue. *See Brownlee*, 665 S.W.2d at 112. Having failed to do so, we conclude that Davis was not entitled to the affirmative defenses of offset and payment. Davis's second and fifth issues are overruled.

## CONCLUSION

Having overruled all of Davis's appellate issues, we affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 29, 2014

8