**Opinion issued March 26, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

### NO. 01-14-00740-CV

_____

### ZAMICK TANNARPATIA MILHOUSE, Appellant

### V.

### EBONIE MCCAIN, Appellee

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2006-74892**

---

### MEMORANDUM OPINION

Appellant, Zamick Tannarpatia Mihouse, attempts to appeal from the trial court's August 25, 2014 "Order on Motion for New Trial." We dismiss.

The trial court issued an "Order in Suit to Modify Parent-Child Relationship" on March 17, 2014. On April 8, 2014, the amicus attorney filed a

"Motion for New Trial or In the Alternative Motion to Withdraw the Final Order." The trial court granted the motion for new trial on August 25, 2014. Appellant filed a notice of appeal on August 30, 2014, attempting to appeal from the trial court's order granting the motion for new trial.

"An order granting a new trial is an unappealable, interlocutory order." *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *see Shqeir v. Shqeir*, No. 05-00-00044-CV, 2000 WL 370914, at *1 (Tex. App.—Dallas Apr. 12, 2000, no pet.) (not designated for publication) ("If [a] court grants [a] motion for new trial after [the] plenary power of the court has expired, as appellant claims in this appeal, remedy for that act lies by original proceeding.").

Further, the trial court's September 17, 2014 order vacating its August 25, 2014 order granting the motion for new trial appears to have rendered this appeal moot. *See Valley Baptist Med. Ctr. v. Gonzales*, 33 S.W.3d 821, 822 (Tex. 2000); *In re Blatty*, No. 01-14-00345-CV, 2014 WL 4354169, at *1 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, orig. proceeding) (mem. op.); *In re Mallory*, No. 12-12-00195-CV, 2012 WL 4097307, at *3 (Tex. App.—Tyler Sept. 19, 2012, orig. proceeding) (mem. op.) (holding that trial court order vacating previous trial court order rendered complaint about previous order moot).

On February 19, 2015, the Clerk of this Court issued a Notice that this Court might dismiss this appeal for want of jurisdiction unless appellant filed a response

2

within 10 days of the Notice explaining how this Court had jurisdiction over this appeal. Appellant did not adequately respond to the Notice.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.