

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00035-CV

_____

BRIDGET BROWN PARSON, Appellant

V.

LAKEWIND, LLC, RANDALL BAGGS, OWNER, ET AL.,
AND CHINN EXPLORATION, Appellees

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2009-396

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Previously, on October 4, 2011, the trial court had dismissed Bridget Brown Parson's lawsuit due to her failure to prosecute the case. Over two and one-half years later, the trial court entered a May 21, 2015, order setting the case for trial and, subsequently, a June 4, 2015, order striking that trial setting.

Parson seeks to appeal from the June 4 order granting Lakewind, LLC's "Motion to Strike Order Setting Trial." By letter of August 13, 2015, we notified Parson that it appeared we lacked jurisdiction over this appeal because the order appealed from was void, as it was signed well after the trial court's plenary jurisdiction had expired. We afforded Parson ten days to demonstrate proper grounds for our retention of the appeal. Having received no response as of September 8, 2015, we sua sponte consider our jurisdiction over the appeal.

"A trial court retains plenary power over its judgment until that judgment becomes final." *In re Sheppard*, 193 S.W.3d 181, 186 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993)). "It is well-settled that an order signed after the trial court's plenary power has expired is void." *Id.* The order of October 4, 2011, dismissing Parson's lawsuit was a final, appealable order from which Parson could have perfected an appeal, though the time for filing a direct appeal from that dismissal expired long ago. When that dismissal became final thirty days after it was signed, the trial court's plenary power expired. Consequently, any orders entered by the trial court after that time, including the May 21, 2015, order setting the case for trial and the June 4, 2015, order striking the trial setting, were void.

Our jurisdiction, as an appellate court, is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2014). Unless we are granted specific authority over an appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). It is clear under Texas law that an appellate court lacks jurisdiction to hear an appeal from an order signed after the trial court's plenary power has expired, such as the order from which Parson attempts to appeal in this case. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

Accordingly, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 15, 2015
Date Decided:     September 16, 2015

3