**AFFIRM; and Opinion Filed October 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00331-CR
No. 05-14-00332-CR
No. 05-14-00333-CR
No. 05-14-00334-CR

## NEKO EARSY BOYKIN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-12601-J, F13-58095-J, F13-58096-J, F13-58097-J**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

A jury convicted appellant Neko Earsy Boykin on four charges of aggravated robbery and assessed his punishment in each case at 30 years' imprisonment and no fine. Appellant raises three issues on appeal, all related to whether the trial court followed the proper procedures in determining whether he was competent to stand trial. For the reasons that follow, we affirm the trial court's judgments.

### BACKGROUND

In mid-July 2013, appellant embarked on a late night string of four aggravated robberies and the burglary of a vehicle. In approximately a three-hour time span, appellant and an accomplice robbed at gun point the employees of three gas station/convenience stores and a cab

driver and burglarized a vehicle belonging to a security guard at a local business. The security guard saw appellant and the accomplice on video surveillance and was able to detain the accomplice until police arrived. The police investigation connected appellant to all of the crimes, and he was arrested and indicted on four charges of aggravated robbery with a deadly weapon.

Appellant filed a motion for a competency examination stating that he "has no memory of the offenses in which he has been accused and his attorney cannot adequately prepare for trial." At a pretrial hearing, the trial court asked appellant several questions, such as to confirm his name, whether he understood the charges against him and the punishment range, whether he understood what the pretrial hearing was about, and whether he understood the State's plea recommendation. Appellant said he understood all those things. Then the court discussed other pretrial matters before finally addressing the motion for a competency examination. Appellant's counsel told the trial court that appellant "couldn't talk to me about the circumstances and the events that took place that night" and that "even up until today, he's not had any memory of it and couldn't discuss it with me; and, so, he wasn't able to assist me." Counsel told the trial court that appellant did not have a history of mental illness, but that he "was in the resource classes at school, not in the regular classes." The court said, "All right. Well, we'll have him evaluated for competency and go from there."

Five days after this pretrial hearing, the court signed an order to have appellant examined regarding his competency "to stand trial and/or if [appellant] is a person with a mental illness in accordance with Chapter 46B of the Code of Criminal Procedure." However, between the time the court signed the order and the beginning of trial about a week later, the court canceled the competency examination.

Nothing was mentioned about the competency examination when the trial began, and the jury found appellant guilty of all charges. Before the punishment phase began, however, defense counsel told the court that she had "something else for the record." She appeared to have just learned that the court canceled the competency examination of appellant:

[DEFENSE COUNSEL]: During the pretrial, you signed an order for a psychiatric exam with Dr. Pittman, and when I went to check on the status of it –

THE COURT: They didn't do it.

[DEFENSE COUNSEL]: They didn't do it, and it was canceled.

THE COURT: They didn't do it because the issue – my understanding of the issue – well, the evaluation that was ordered with Dr. Pittman was a competency evaluation. It's my understanding competency is not an issue.

[DEFENSE COUNSEL]: Well, I'm not certain of that, Judge.

THE COURT: Well, then that should have been brought up before the trial started because I don't think that the issue is competency. I mean, at least the representation made to me was not that it was competency. He was saying he didn't remember something.

[DEFENSE COUNSEL]: Yes, ma'am.

THE COURT: Not remembering is not an issue of competency that may be an issue having to do with insanity or something like that, but it's not a competency issue.

[DEFENSE COUNSEL]: It was my understanding that he would evaluate him for competency as well, and so that's why I didn't – I didn't bring it up. I just thought that he would get a chance to be evaluated and just some things that –

THE COURT: Well, the standard regarding competency is whether your client understands the proceedings and is able to help your [sic] during the trial.

[DEFENSE COUNSEL]: Well, that has been some of my issues and so –

THE COURT: But he's saying he can't help you in trial not because – incompetency goes to where he is right now.

[DEFENSE COUNSEL]: Yes, ma'am.

THE COURT: It does not go to where he was on the date of the offense.

[DEFENSE COUNSEL]: Yes, ma'am but since –

–3–

THE COURT: – so unless you're indicating that today he is unable to understand what's going on and unable to help you, not due to his being drunk at the time of the offense, but because of his mental disease or defect that he's unable to help you in trial today.

[DEFENSE COUNSEL]: My issue last week was that sort of issue that he understood the process and what was going on, and the things that he's been saying to me last week, and I was under the, you know, understanding that he was gonna be evaluated and that he had already been evaluated, and when she said he [sic] was canceled, I went, oh, goodness, okay.

THE COURT: No. He's not been evaluated, and based upon the representations that were made to me, I canceled the evaluation because I did not feel like it was an issue of competency.

[DEFENSE COUNSEL]: Yes, ma'am.

THE COURT: Voluntary intoxication does not make you incompetent.

[DEFENSE COUNSEL]: Yes, ma'am.

After this exchange, the punishment phase of trial began. Appellant testified during the punishment phase and told the jury that he did not remember committing any of the crimes because he was "on Xanax bars and alcohol." He said he got the Xanax bars from a drug dealer and the bars make "you feel sluggish and memory kind of makes you forget."

On appeal, appellant does not challenge the sufficiency of the evidence to support his convictions. In three "points of error" argued together, appellant contends that the trial court erred when it (1) canceled a previously ordered competency examination, (2) did not stay the proceedings so that he could be examined by an expert regarding his competency, and (3) did not conduct another inquiry into his competency before the punishment phase of trial.

## APPLICABLE LAW & STANDARD OF REVIEW

"A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A defendant is incompetent to stand trial if he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational

–4–

understanding or (2) a rational as well as factual understanding of the proceedings against him. *Id*. art. 46B.003(a). Any party or the court on its own may suggest that the defendant is incompetent to stand trial. *Id*. art. 46B.004(a) (West Supp. 2014). "A suggestion of incompetency is the threshold requirement for an informal inquiry . . . and may consist solely of a representation from any credible source that the defendant may be incompetent." *Id.* art. 46B.004(c–1). "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id*. The article 46B.024 factors include whether a defendant can

• understand the charges against him and the potential consequences of the proceeding;

• disclose to counsel pertinent facts, events, and states of mind;

• engage in a reasoned choice of legal strategies and options;

• understand the adversarial nature of criminal proceedings;

• exhibit appropriate courtroom behavior; and

• testify.

*Id.* art. 46B.024(1).

In deciding whether to conduct an informal inquiry, a trial court must consider only the evidence tending to show incompetency and determine whether that evidence rises to the level of some evidence, that is, "a quantity more than none or a scintilla." *See Ex parte LaHood*, 401 S.W.3d 45, 52 (Tex. Crim. App. 2013). If the court determines there is some evidence to support a finding of incompetency, the court must "stay all other proceedings in the case" and order an examination of the defendant. TEX. CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a).

We review a trial court's determination under Chapter 46B for an abuse of discretion, and we will not disturb the ruling absent a showing that the decision was arbitrary and unreasonable.

*See Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute*, TEX. CODE CRIM. PROC. ANN. art. 46B.004, *on other grounds as recognized in Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013).

## DISCUSSION

A trial court's order for a competency examination under Chapter 46B should be based on some evidence to support a finding that the defendant is incompetent. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(d); *see also Ex parte LaHood*, 401 S.W.3d at 52. But appellant presented no evidence with his motion or at the pretrial hearing suggesting that the lack of memory, which prevented him from assisting counsel, was because he did not have "sufficient *present* ability to consult with [his] lawyer with a reasonable degree of rational understanding" or lacked "a rational as well as factual understanding of the proceedings against [him]." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (emphasis added). Without some evidence to support a finding under 46B.003(a)(1) or (2), the law did not require the trial court to order a competency examination. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004.

Additionally, the trial court alluded to appellant's intoxication as the cause of his lack of memory, and defense counsel did not offer a different explanation for appellant's inability to remember the events of that night. Without more, amnesia or being "too drunk at the time of the incident to remember what happened . . . does not render an individual incompetent to stand trial." *Gonzales v. State*, 313 S.W.3d 840, 842 & n.8 (Tex. Crim. App. 2010); *see also Morris v. State*, 301 S.W.3d 281, 293 (Tex. Crim. App. 2009) (comparing defendant's amnesia to "missing" evidence or witnesses confronted by all defendants). One court has said that "the only instance in which amnesia could potentially constitute incompetence would be the 'extraordinary situation . . . where the amnesia compromises the defendant's ability to think rationally.'" *Iniquez v. State*, 374 S.W.3d 611, 616 (Tex. App.—Austin 2012, no pet.) (quoting *Gonzales*, 313

S.W.3d at 842). Appellant did not offer evidence that his lack of memory compromised his ability to think rationally.

Appellant also states that he could "find no authority allowing the trial court to vacate an existing order to examine a defendant for competency." But a trial court retains authority to reconsider its rulings until a final judgment is rendered. *See Kirk v. State*, 454 S.W.3d 511, 512–15 & n.13 (Tex. Crim. App. 2015) (citing *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (trial court retains continuing control over interlocutory orders and has power to set those orders aside any time before final judgment)). We conclude that the trial court did not abuse its discretion by canceling the previously ordered competency examination because there was no evidence to support a finding of incompetency and, consequently, no examination was required. *See id.* arts. 46B.004(c–1), .005(a). And because there was no evidence of incompetency, the trial court did not abuse its discretion when it did not stay the proceedings to have appellant examined for competency. *See id.* art. 46B.004(d).

Appellant also contends that the issue of his competency arose again during trial on the merits and that the trial court erred by not conducting another inquiry and ordering a competency examination at that time. We disagree.

Defense counsel, when addressing the trial court about the cancelation of the competency examination, said, "My issue last week was that sort of issue that he understood the process and what was going on, and the things that he's been saying to me last week, and I was under the, you know, understanding that he was gonna be evaluated and that he had already been evaluated, and when she said he [sic] was canceled, I went, oh, goodness, okay." Counsel's statement does not support a finding that appellant was incompetent; in fact, the statement shows the opposite was true ("he understood the process and what was going on"). *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.003(a)(2). And appellant did not present other argument or evidence raising the

issue of his competency during trial on the merits. Consequently, we conclude that no error occurred when the trial court did not inquire about appellant's competency or order a competency examination during trial on the merits.

We resolve appellant's three issues against him.

## CONCLUSION

We affirm the trial court's judgments.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do not publish
TEX. R. APP. P. 47.2(b)

140331F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NEKO EARSY BOYKIN, Appellant

No. 05-14-00331-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F13-12601-J.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of October, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NEKO EARSY BOYKIN, Appellant

No. 05-14-00332-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas

Trial Court Cause No. F13-58095-J.

Opinion delivered by Justice Lang-Miers.

Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of October, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NEKO EARSY BOYKIN, Appellant

No. 05-14-00333-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F13-58096-J.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of October, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

NEKO EARSY BOYKIN, Appellant

No. 05-14-00334-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F13-58097-J.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of October, 2015.