**Opinion issued December 14, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00568-CV

————————————

## ARNETT MATHIS, Appellant

## V.

## TORI LASHAWN GRAVES, Appellee

On Appeal from the 308th District Court
Harris County, Texas
Trial Court Case No. 2014-67465

## MEMORANDUM OPINION

Appellant Arnett Mathis attempted to appeal an order that had already been voided by the trial court. We dismiss the appeal for want of appellate jurisdiction.

The notice of appeal stated: "The judgment or order appealed from was signed on April 13, 2016." The only April 13, 2016 order in the clerk's record was entitled

"Final Order in Suit Affecting the Parent-Child Relationship," and it was signed by an associate judge.

A motion for new trial, identifying a "judgment" signed by the trial court on April 13, 2016, was filed by Mathis on May 12, 2016.

The clerk's record reflects that the April 13 order has the word "VOID" handwritten written over the associate judge's signature, along with what appears to be handwritten initials and the date "6-5-16."

Mathis's notice of appeal, which identified the April 13 order as the "judgment or order appealed from," was filed on July 18, 2016.

"A trial court has plenary power over its judgment until it becomes final." *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). No party has suggested that on June 5, 2016, when the April 13 order was marked "VOID," the trial court lacked authority to withdraw that order.

We conclude the April 13 order was voided by the trial court's own volition on June 5, 2016, thus there was no April 13 order that could be appealed by the notice of appeal filed on July 18, 2016. In the absence of an appealable final order, we lack appellate jurisdiction. TEX. FAM. CODE § 109.002(b).

2

We dismiss this appeal. TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.


**PER CURIAM**

Panel consists of Justices Jennings, Massengale, and Caughey.