**Opinion issued March 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01022-CV

———————————

## JILL KATHRYN ARNO PETERSON, Appellant

## V.

## DONALD JONATHAN PETERSON, Appellee

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-43305**

---

## MEMORANDUM OPINION

Appellant Jill Kathryn Arno Peterson attempts to appeal from an order granting an amended motion to vacate a protective order for a new trial. We dismiss.

The protective order signed August 27, 2018 was a final, appealable judgment. *See* TEX. FAM. CODE § 81.009. The trial court issued an order granting a

new trial on November 9, 2018, which was within its plenary power. *See* TEX. R. CIV. P. 329b(e) (trial court has plenary power to grant new trial until 30 days after all timely-filed post-judgment motions are overruled by written and signed order or by operation of law 75 days after judgment was signed).

The court notified appellant that it might dismiss the appeal for lack of jurisdiction because orders granting new trials are interlocutory and not appealable. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). Only two circumstances could support appeal of an order granting a new trial: "(1) when the trial court's order was wholly void; and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 149 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). Appellant responded that the order was appealable because it was void; however, appellant has failed to establish that the trial court's order is void.

Accordingly, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.