COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Eric Kingston v. Heather Parker McMahan

Appellate case number:   01-18-01118-CV

Trial court case number:  CV-0079711

Trial court:               County Court at Law No. 3 of Galveston County

Appellant, Eric Kingston, is attempting to appeal the trial court's order signed November 20, 2018 granting appellee's motion for new trial and to set aside default judgment.

An order granting a new trial is not an appealable order. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). A trial court's order granting a new trial is only appealable if the trial court's order is void or if "the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 149 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding).

A trial court has plenary power to grant a new trial within 30 days after the judgment is signed. *See* TEX. R. CIV. P. 329b(d). If a party timely files a motion for new trial, the trial court has plenary power to grant a new trial until 30 days after a timely-filed motion for new trial is overruled, either by written signed order or by operation of law, whichever occurs first. *See* TEX. R. CIV. P. 329b(e). If a motion for new trial is not determined by a written signed order within 75 days after judgment was signed, it is considered overruled by operation of law. *See* TEX. R. CIV. P. 329B(C). A motion for new trial is timely filed if it is filed within 30 days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a).

The record indicates that the trial court signed an order granting a motion for default judgment on September 7, 2018, and appellee filed a motion for new trial on September 26, 2018. Because it was filed within 30 days after the judgment was signed, the motion for new trial was timely filed. The trial court's November 20, 2018 order granting a new trial was signed within 75 days after the judgment was signed, and thus, the trial court had plenary power to grant a new trial. *See* TEX. R. CIV. P. 329b(c).

Because the trial court had plenary power to rule and there was no jury trial or special issues involved, the order granting a new trial appears to be an interlocutory order that is not appealable. *See Fruehauf*, 848 S.W.2d at 84. Accordingly, the Court may dismiss this appeal for lack of jurisdiction unless appellant files a response **within 10 days of the date of this order** establishing this Court's jurisdiction.

It is so ORDERED.

Judge's signature: ___/s/ Richard Hightower___
☑ Acting individually    ☐ Acting for the Court

Date:   __August 6, 2019___