

# NUMBER 13-19-00347-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GREEN MOUNTAIN ENERGY COMPANY,**                     **Appellant,**

**v.**

**CANMAR TRADING, LLC AND**
**ROMAN MARTINEZ,**                                            **Appellees.**

---

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

Green Mountain Energy Company (Green Mountain) attempted to perfect an appeal from an order granting a new trial and awarding attorney's fees. Subsequently, Green Mountain filed a motion to dismiss the appeal and an unopposed amended motion to dismiss the appeal. Green Mountain requests that we dismiss this appeal for lack of

jurisdiction because "the case is not yet ripe for appeal." We agree and we dismiss the appeal for want of jurisdiction.

Green Mountain was awarded a default judgment in the amount of $23,957.75 against appellees Canmar Trading, LLC and Roman Martinez. On June 12, 2019, the trial court signed an order granting a motion for new trial filed by the appellees and ordered them to pay Green Mountain $1,000 in attorney's fees. Green Mountain subsequently filed a request for findings of fact and conclusions of law and further filed a motion seeking clarification of the trial court's ruling. On August 13, 2019, the trial court signed an order of clarification stating that appellees' motion for new trial was granted and appellees were each ordered to pay Green Mountain the sum of $500 for a total of $1,000. This order states that it disposes of all parties and all claims and is appealable. This appeal ensued.

Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

An order granting a new trial is an unappealable, interlocutory order. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam); *see In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–31 (Tex. 2008) (orig. proceeding) ("When a new trial is

2

granted, the case stands on the trial court's docket 'the same as though no trial had been had.'"). "[E]xcept in very limited circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The two recognized exceptions are: (1) when the order was wholly void because it was not entered in the term in which the trial was conducted; and (2) when the trial court specified in its written order that its sole ground for granting the motion was that the jury's answers to special issues were conflicting. *See id.*; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985); *see also Sims v. Sims*, No. 08-18-00068-CV, 2018 WL 2328222, at *1 (Tex. App.—El Paso May 23, 2018, no pet.) (mem. op.). Neither of these situations exists here.

Here, the trial court's order grants a new trial and awards attorney's fees; however, it does not dispose of the litigation and does not constitute a final, appealable order. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d at 230–31; *Fruehauf Corp.*, 848 S.W.2d at 84. Accordingly, we grant Green Mountain's amended motion to dismiss the appeal and we DISMISS the appeal for lack of jurisdiction. All other pending motions are dismissed as moot.

JAIME TIJERINA,
Justice

Delivered and filed the
5th day of December, 2019.

3