**Opinion issued January 30, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01118-CV

———————————

**ERIC KINGSTON, Appellant**

**V.**

**HEATHER PARKER MCMAHAN, Appellees**

---

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. CV-0079711**

---

## MEMORANDUM OPINION

This is an attempted appeal from the trial court's November 20, 2018 order granting appellee's motion for new trial and to set aside default judgment. We dismiss the appeal.

An order granting a new trial is not an appealable order. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). A trial court's order granting a new trial is only appealable if the trial court's order is void or if "the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re Wyatt Field Serv. Co.*, 454 S.W.3d 145, 149 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding).

A trial court has plenary power to grant a new trial within 30 days after the judgment is signed. *See* TEX. R. CIV. P. 329b(d). If a party timely files a motion for new trial, the trial court has plenary power to grant a new trial until 30 days after a timely-filed motion for new trial is overruled, either by written, signed order or by operation of law, whichever occurs first. *See* TEX. R. CIV. P. 329b(e). If a motion for new trial is not determined by a written, signed order within 75 days after judgment was signed, it is considered overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). A motion for new trial is timely filed if it is filed within 30 days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a).

The record indicates that the trial court signed an order granting a motion for default judgment on September 7, 2018, and appellee filed a motion for new trial and to set aside default judgment on September 26, 2018. Because it was filed within 30 days after the judgment was signed, the motion for new trial was timely filed. The trial court's November 20, 2018 order granting a new trial was signed within 75

days after the judgment was signed, and thus, the trial court had plenary power to grant a new trial. *See* TEX. R. CIV. P. 329b(c). Because the trial court had plenary power to rule and there was no jury trial or special issues involved, the order granting a new trial is an interlocutory order that is not appealable. *See Fruehauf*, 848 S.W.2d at 84.

Appellant was advised of our intent to dismiss this appeal for lack of jurisdiction by order issued on August 6, 2019. No response was filed.

Because the trial court's November 20, 2018 order is neither a final judgment nor an appealable interlocutory order, we have no jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating general rule that appeals may be taken from final judgments); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) (holding that interlocutory orders may only be appeal if permitted by statute).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.