**Reversed and Remanded and Opinion filed July 11, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00896-CV

### DIRECT COMMERCIAL FUNDING, INC., Appellant

### V.

### BEACON HILL ESTATES, LLC AND INTESAR HUSAIN ZAIDI, Appellees

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2012-01150**

## O P I N I O N

In the dispositive issue in this interlocutory appeal, the plaintiff in a defamation and breach-of-contract suit contends that the trial court erred in granting the defendants' motion to dismiss under the Citizens Participation Act six weeks after the motion was overruled by operation of law. We agree; thus, we reverse the trial court's order and remand the case to the trial court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the pleadings in this case, appellant Direct Commercial Funding, Inc. ("Direct") is a private commercial lender.  Appellees Beacon Hill Estates, LLC and Intesar Husain Zaidi (collectively, "Zaidi") contacted Direct about obtaining financing for a construction project.  Zaidi signed a hold-harmless agreement in which he agreed not to defame or slander Direct or its principal Calvin Blake "in any cyber, private or public forum" if Zaidi's loan request were rejected.  After Direct denied the loan request, Zaidi posted comments about Direct and Blake on the internet websites "Ripoffreport.com" and "complaintsboard.com."

Direct sued Zaidi for breach of contract and defamation, seeking declaratory and injunctive relief as well as actual and punitive damages and attorney's fees.  Zaidi responded to the suit by filing a pleading that combined his answer with counterclaims, a third-party complaint against Blake, and pursuant to the Citizens Participation Act, a motion to dismiss Direct's claims.  The motion to dismiss was heard by submission on June 25, 2012.[1]  The Citizens Participation Act ("the Act")

---

[1] In the prayer for relief of Zaidi's answer/counterclaims/third-party complaint/motion to dismiss, Zaidi asked "[t]hat the Court set this matter for a hearing within 30 days, as provided by the Anti-SLAPP statute and that upon hearing, the Court grant this motion and dismiss [Direct's] claims against Zaidi with prejudice in their entirety, [and] award Zaidi . . . reasonable costs and attorney's fees . . . ."  The statement in Zaidi's prayer did not comply with local rules for setting a motion for hearing by submission or for setting a motion for oral hearing.  *See* CIVIL TRIAL DIV., HARRIS CNTY. (TEX.) DIST. CT. LOC. R. 3.3.3 ("Motions may be heard by written submission.  *Motions shall state Monday at 8:00 a.m. as the date for written submission*.  This date shall be at least 10 days from filing, except on leave of court.") (emphasis added); *id.*, Rule 3.3.4 ("Settings for oral hearings should be requested from the court clerk.").  Because Direct does not complain on appeal that Zaidi's ineffective "prayer" for a hearing did not comply with the trial court's local rules, we do not address the effect under the Act of a movant's failure to take the steps actually required to set the motion to dismiss for a timely hearing.  On June 13, 2012, Zaidi filed a notice of submission setting the motion to be heard without oral argument at 8:00 a.m. on June 25, 2012.  We take judicial notice that June 25, 2012 was a Monday; thus, this subsequent request complied with local rules.

provides that if a trial court does not rule on a motion to dismiss under the Act within 30 days after the hearing, then the motion is overruled by operation of law. It is undisputed that the trial court did not rule on the motion within that time; however, 72 days after the hearing, the trial court signed an order in which it granted Zaidi's motion to dismiss Direct's claims, held Direct liable for Zaidi's costs and attorney's fees incurred in responding to Direct's suit, and directed Zaidi to file an affidavit to substantiate these amounts.

Direct timely filed a notice of interlocutory appeal. We overruled Zaidi's motion to dismiss the appeal,[2] and now address the merits of Direct's appellate complaint.

## II. ISSUES PRESENTED

In its first issue, Direct argues that Zaidi's motion to dismiss was overruled by operation of law 30 days after it was served, and thus, the trial court erred in granting the motion to dismiss 72 days after the motion was served. Direct argues in its second issue that the trial court erred in granting the motion to dismiss because (a) Zaidi did not set the motion for hearing within 30 days after it was filed, (b) Zaidi failed to present the trial court with sufficient evidence to establish that he could prevail on a First-Amendment defense, and (c) Direct provided sufficient evidence to defeat the motion. Direct asserts in its third issue that the Act violates the Texas Constitution's open-courts provision because it imposes a heightened evidentiary standard on plaintiffs that, as a matter of law, cannot be satisfied.

## III. STANDARD OF REVIEW

We review questions of statutory construction de novo. *Molinet v. Kimbrell*,

---

[2] *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 WL 407029 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, order).

3

356 S.W.3d 407, 411 (Tex. 2011). Our purpose in construing a statute is to determine and give effect to the legislature's intent. *Id.* Because the text's plain meaning is the best expression of that intent, we will construe the text in accordance with its plain meaning unless doing so would lead to absurd or nonsensical results, or the context makes it apparent that the legislature intended some other meaning. *Id.*

## IV. ANALYSIS

The Texas legislature enacted the Citizens Participation Act "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West Supp. 2012). To achieve these ends, the legislature provided that if a legal action is brought in response to a person's exercise of certain constitutional rights, that person may move to dismiss the action. *Id.* § 27.003(a). The movant bears the initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to the party's exercise" of certain rights, including the right of free speech. *Id.* § 27.005(b). If the movant satisfies this burden, then the trial court must dismiss the legal action unless the party who brought the action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

The legislature included several specific deadlines in the Act, and although the legislature authorized the trial court to extend the deadlines for filing and hearing a motion to dismiss, it did not authorize the trial court to extend the time in which the court is permitted to rule on the motion. To illustrate, the first deadline in the Act concerns the time during which a party may move to dismiss the action.

4

A motion to dismiss under the Act "must be filed" within 60 days after service of the legal action, but upon a showing of good cause, the trial court may extend the time to file the motion. *Id.* § 27.003(b). The second deadline concerns the date of the hearing. A hearing on the motion "must be set" within 30 days after the motion was served "unless the docket conditions of the court require a later hearing." *Id.* § 27.004. In contrast to these provisions, the next deadline is mandatory: "The court must rule on a motion [to dismiss] not later than the 30th day following the date on the hearing on the motion." *Id.* § 27.005(a). The legislature gave the trial court no discretion to extend this deadline, but instead provided that if the trial court does not rule on the motion within 30 days after the hearing, then the motion is overruled by operation of law. *Id.* § 27.008(a).[3]

Here, the trial court signed an order granting Zaidi's motion to dismiss six weeks after the motion was overruled by operation of law. We agree with Direct that the trial court erred in granting the motion more than 30 days after it was heard. The Act contains no provision authorizing such an action, nor can the authority to do so be implied.

The entire Act is directed toward the expeditious dismissal and appeal of suits that are brought to punish or prevent the exercise of certain constitutional rights. The distinction drawn by the legislature between extendable deadlines and firm deadlines—and more particularly, the mandatory deadline that applies to the trial court's authority to rule on a motion to dismiss—would be meaningless if the trial court, acting sua sponte, could reverse the consequences imposed by statute

---

[3] For the sake of completeness, we note two additional deadlines. The ruling on the motion, whether expressly made by the trial court or by operation of law, may be challenged by an appeal or other writ filed within 60 days of the ruling. *Id.* § 27.008(c). Direct's appeal was timely. The Act also contains a deadline that applies if certain statutory findings are requested. *See id.* § 27.007. Findings were requested, but were not made in this case; however, neither party complains of the trial court's failure to issue findings.

for the failure to timely act. *See Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. filed) (holding that a motion to dismiss under the Act was overruled by operation of law 30 days after the hearing on the motion because no provision in the Act permits the extension of this mandatory deadline).

Zaidi contends that the trial court properly could grant the motion to dismiss even after it was overruled by operation of law because a trial court that has plenary power over the case can always set aside an interlocutory order. In support of this argument, Zaidi cites *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). The issue presented in *Fruehauf* was whether a trial court that had expressly granted a motion for new trial could set aside the order and overrule the motion on the 75th day after judgment. *Id.* at 84. The court quoted the subsection of Texas Rule of Civil Procedure 329b in which it is stated that a motion for new trial is overruled by operation of law on the "expiration" of the 75th day after the judgment. *Id.* (citing TEX. R. CIV. P. 329b(c)). At the time the trial court made the challenged ruling in *Fruehauf*, the time in which the trial court was permitted to rule had not yet expired, and the motion had not been overruled by operation of law. The opposite is true here. Moreover, Rule 329b contains an additional provision specifically empowering the trial court "to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days *after all such timely-filed motions are overruled*, either by a written and signed order or *by operation of law*, whichever occurs first." TEX. R. CIV. P. 329b(e) (emphasis added). *See also* TEX. R. CIV. P. 165a(3) (similarly providing that if a case is dismissed for want of prosecution and the trial court does not rule on a motion to reinstate within the prescribed time, then the motion is overruled by operation of law, but authorizing the trial court to reinstate the case within 30 days after the motion to reinstate is overruled, regardless of whether the motion was overruled

6

expressly or by operation of law). Unlike these procedural rules, the Citizens Participation Act contains no analogous provision empowering the trial court to grant a motion to dismiss after it has been overruled by operation of law.

In sum, the plain text of the Citizens Participation Act provides a limited authorization for a party to seek, and a trial court to grant, dismissal of a legal action that was brought in response to the party's exercise of the right of free speech. Because a trial court is not authorized to grant a motion to dismiss under the Act more than 30 days after the hearing on the motion, the trial court erred in signing such an order here. We therefore sustain Direct's first issue. In light of our disposition of this issue, Direct's remaining issues are moot.[4]

## V. CONCLUSION

Because Zaidi's motion to dismiss was overruled by operation of law, we reverse the trial court's subsequent order purporting to grant the motion, and we remand the case for further proceedings not inconsistent with this opinion.

/s/     Tracy Christopher
Justice

Panel consists of Justices Brown, Christopher, and McCally.

---

[4] Because Zaidi neither timely filed a cross-appeal nor raised any cross-points to argue that the trial court erred in allowing the motion to dismiss to be overruled by operation of law, that question is not presented for our review.