Opinion issued March 14, 2019



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-18-00781-CV

—————————————

**CARMEN MONTIEL, Appellant**

**V.**

**ALEX EDUARDO LECHIN, Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-68138**

---

## MEMORANDUM OPINION

Appellant, Carmen Montiel, attempts to appeal the trial court's interlocutory order denying her Texas Citizens Participation Act ("TCPA") motion to dismiss. Appellee has filed a motion to dismiss this appeal for want of jurisdiction, asserting that appellant's notice of appeal was untimely. We dismiss the appeal.

**Applicable Law**

Under the TCPA, a defendant may file a motion to dismiss claims based on the defendant's exercise of the right of free speech. TEX. CIV. PRAC. & REM. CODE § 27.003. The trial court must rule on a TCPA motion to dismiss within 30 days of the hearing on the motion. TEX. CIV. PRAC. & REM. CODE § 27.005(a). If the court does not rule within that time, the motion is denied by operation of law. TEX. CIV. PRAC. & REM. CODE § 27.008(a). Once the motion is denied by operation of law, "the moving party may appeal." *Id*.; *see* TEX. CIV. PRAC. & REM. CODE §51.014(a)(12) (authorizing appeal from interlocutory order denying motion to dismiss filed under section 27.003). Section 27.008(b) of the Texas Civil Practice and Remedies Code requires an appellate court to expedite an appeal from the trial court's failure to rule under section 27.005. TEX. CIV. PRAC. & REM. CODE § 27.008(b). Because such an appeal is an accelerated appeal of an interlocutory order, a notice of appeal must be filed within 20 days of the date the motion is denied by operation of law. *See* TEX. R. APP. P. 28.1 (appeals from interlocutory orders are accelerated appeals); 26.1(b) (in accelerated appeal, notice of appeal must be filed within 20 days of judgment or order).

**Discussion**

In the underlying case, appellant filed a TCPA motion to dismiss pursuant to section 27.003 of the Texas Civil Practice and Remedies Code. The trial court held

a hearing on the TCPA motion on April 6, 2018. Appellant's motion was overruled by operation of law 30 days later, on May 6, 2018, when the trial court did not rule on the motion. *See* TEX. CIV. PRAC. & REM. CODE § 27.005. Appellant's notice of appeal was due 20 days later. *See* TEX. R. APP. P. 26.1(b). However, because the 20-day deadline fell on a Saturday, the deadline was automatically moved to Monday, May 28, 2018. *See* TEX. R. APP. P. 4.1(a).

On August 15, 2018, appellant requested a ruling from the trial court on her TCPA motion to dismiss. On August 21, 2018, the trial court issued an order that, among other things, dismissed appellant's request for ruling as moot because the motion had been denied by operation of law. This portion of the order provides:

> 2. Defendant Carmen Montiel's Request for a Ruling is moot. While the timeline of abatement, filing of motions and hearing dates is confusing in the statute and in this case; by any measure, the time allowed for the Court to enter an Order as to Defendant Montiel has lapsed and therefore Defendant Carmen Montiel's Motion to Dismiss is denied by operation of law.

Appellant filed her notice of appeal on August 28, 2018—90 days after her TCPA motion was denied by operation of law.

Appellee filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the notice of appeal was untimely filed more than 20 days after the appellant's TCPA motion was denied by operation of law. Appellant filed a response asserting two arguments. We examine both below.

3

First, appellant generally asserts that there is "confusion" as to the effect the automatic abatement provisions of the Defamation Mitigation Act (the "DMA") have on a TCPA motion to dismiss and the deadlines governing such motions. *See* TEX. CIV. PRAC. & REM. CODE § 73.062. But appellant fails to argue any interpretation or application of the statutes, much less demonstrate how such an interpretation or application would make her notice of appeal timely when applied to the facts of this case. Presumably, appellant is attempting to assert that her notice of appeal was timely because there may be some application of the DMA's abatement provisions that prevented her TCPA motion to dismiss from being denied by operation of law on May 6, 2018. Appellant asserts that confusion regarding the effect of the DMA's abatement provisions on timelines governing TCPA motions is evident in the trial court's order, quoting the order as stating:

> 2. Defendant Carmen Montiel's Request for a Ruling is moot. While the timeline of abatement, filing of motions and hearing dates is confusing in the statute and in this case; . . .

But appellant fails to address—and her partial quote of the order omits—the trial court's conclusion that "by any measure, the time allowed for the Court to enter an Order as to Defendant Montiel has lapsed and therefore Defendant Carmen Montiel's Motion to Dismiss is denied by operation of law." Accordingly, appellant's general assertions that the DMA may affect timelines regarding TCPA motions fail to demonstrate that her notice of appeal was timely.

4

Second, appellant argues that we should consider her TCPA motion to have been denied by the trial court's August 23, 2018 order rather than by operation of law on May 6, 2018. Appellant asserts that we should apply the later date because "[r]egardless of whether [her] motion to dismiss was overruled by operation of law, any order on her TCPA motion was unquestionably interlocutory" and the trial court "should continue to possess plenary power to alter, modify, or grant, an order it previously issued – even one which is made by operation of law." Based on this reasoning, appellant argues that "the trial court erred when it found [her] motion to dismiss had been overruled by operation of law on August 23, 2018" and "effectively denied her motion as of that date making [her] notice of appeal (filed on August 28, 2018) timely." We disagree.

As appellant concedes, cases have held that trial courts lack authority to grant a motion to dismiss under the TCPA more than 30 days after the hearing on the motion. *See, e.g., Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, 407 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that legislature's mandatory 30-day deadline for trial court to rule on motion after hearing "would be meaningless if the trial court, acting sua sponte, could reverse the consequences imposed by statute for the failure to timely act"); *Dal. Morning News, Inc. v. Mapp*, No. 05-14-00848-CV, 2015 WL 3932868, at *3 (Tex. App.—Dallas June 26, 2015, no pet.) (mem. op.) (holding that "trial court is without authority to

grant a motion to dismiss under the [TCPA] more than thirty days after the hearing");
*see also Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs*., Inc., 500 S.W.3d 26, 44–45 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (noting that trial court's grant of TCPA motion outside of 30-day period following hearing was subject to challenge) (citing *Beacon Hill Estates*, 407 S.W.3d at 401). Appellant merely disagrees with the caselaw on this issue without offering any contrary authority.

Further, because appellant's TCPA motion had already been denied by operation of law, her subsequent request for a ruling granting the motion was essentially a request for reconsideration of the denial. Appellant's argument appears to be that the trial court should have reconsidered the denial by operation of law and that it erred in declining to do so in its August 23, 2018 order. Even assuming appellant's argument that the trial court has the power to reconsider the denial of the TCPA motion by operation of law, the time for filing a notice of appeal runs from the date the motion was denied, not the later denial of a motion for reconsideration. *See City of Hous. v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012) ("[a]llowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the statute's purpose of promoting judicial economy."); *Pitts v. Bank of N.Y. Mellon Trust Co*., No. 05-17-00115-CV, 2017 WL 474468, at *1 (Tex. App.—Dallas Feb. 6, 2017, no pet.) (mem. op.) ("Here, the

6

deadline to appeal ran from the date the trial court denied the temporary injunction, not from the denial of the motion for reconsideration."). "Permitting appeals under circumstances such as these would effectively eliminate the requirement that appeals from interlocutory orders must be filed within twenty days after the challenged order is signed . . . , [which] would work against the main purpose of the interlocutory appeal statute, which is to increase efficiency of the judicial process." *Estate of Jones*, 388 S.W.3d at 667. "[T]he language of rule 26.1(b) is clear and contains no exceptions to the twenty-day deadline." *In re K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005).

The time to file a notice of appeal from the denial of a TCPA motion cannot be based on the subsequent denial of reconsideration because the applicable statutes only authorize an interlocutory appeal from the denial of a TCPA motion. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.008(a) ("If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal."); 51.014(a)(12) (authorizing appeal from interlocutory order that "denies a motion to dismiss filed under Section 27.003"). An order denying a motion to reconsider is not an appealable interlocutory order. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that interlocutory order denying motion to reconsider is not independently

appealable); *CTL/Thompson Tex., LLC v. Morrison Homes*, 337 S.W.3d 437, 443 (Tex. App.—Fort Worth 2011, pet. denied) ("[N]o statute exists giving us interlocutory jurisdiction over an order denying a motion to reconsider."); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied) ("The order denying [appellant's] motion to reconsider and motion for new trial was not independently appealable so as to start a new timetable for perfecting the appeal."); *Denton Cnty. v. Huther*, 43 S.W.3d 665, 667 (Tex. App.—Fort Worth 2001, no pet.) (holding that order denying motion to reconsider was not distinct appealable interlocutory order with separate timetable for appeal).

Accordingly, appellant's notice of appeal was untimely because it was filed more than 20 days after her TCPA motion was denied by operation of law on May 6, 2018.

## Conclusion

Because appellant did not timely file her notice of appeal, this Court lacks jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1(b); *Clewis v. Harris Cnty.*, No. 14-15-00424-CV, 2015 WL 5935825, at *1 (Tex. App.—Houston [14th] Oct. 13, 2015, pet. denied) (mem. op.) (dismissing interlocutory appeal for want of jurisdiction because notice of appeal untimely filed more than 20 days after TCPA motion to dismiss was denied by operation of law).

Accordingly, we grant appellee's motion and dismiss this appeal for want of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.