**CONDITIONALLY GRANT; and Opinion Filed May 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00571-CV

## IN RE MIKE HARTLEY AND JANIE HARTLEY, Relators

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02863**

# MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Brown

The issue before the Court in this original proceeding is whether a trial court has the statutory authority to grant a new trial on a Texas Citizens Participation Act ("TCPA") motion to dismiss more than thirty days after the hearing on the motion. Applying this Court's precedent, we conclude the answer is no, and we conditionally grant the writ of mandamus.

### Background

The underlying proceeding was initiated by Radix Realty, LLC against relators Janie and Mike Hartley ("the Hartleys"). Real party in interest Praveen Panchakarla intervened and later joined in an amended petition. The Hartleys filed a motion to dismiss under the TCPA, and the trial court heard the TCPA motion on February 18, 2019. On February 22, 2019, the trial court signed an order granting the TCPA motion and dismissing the claims asserted against the Hartleys. Panchakarla filed a motion for reconsideration and for new trial on March 22, 2019. On May 6,

2019, the trial court signed an order vacating the February 22 order and denying the Hartleys' TCPA motion.

In this original proceeding, the Hartleys contend the May 6 order is void because the TCPA prohibits a trial court from ruling on a TCPA motion to dismiss more than thirty days after the trial court hears the TCPA motion. This Court requested a response to the petition for writ of mandamus from Panchakarla and respondent. Panchakarla filed a response. After reviewing the petition, the response, and the mandamus record, we conclude the trial court was without authority to deny the TCPA motion outside the time allowed by statute. As such, the May 6 order is void, and the Hartleys are entitled to the relief requested.

## Availability of Mandamus Relief

An interlocutory appeal is permitted from the denial of a TCPA motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. 51.014(a)(12). The Hartleys have filed an interlocutory appeal challenging the merits of the May 6 order. That interlocutory appeal is pending in this Court and docketed as cause number 05-19-00565-CV.

Mandamus generally issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus is also proper, however, if a trial court issues an order beyond its jurisdiction because such an order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). For example, mandamus is appropriate when a trial court issues an order after its plenary power has expired. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding) (per curiam); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding). When an order is void, the relator need not show he lacks an adequate appellate remedy to obtain mandamus relief. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

As our sister court has aptly noted, the TCPA "is directed toward the expeditious dismissal and appeal of suits that are brought to punish or prevent the exercise of certain constitutional rights." *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, 407 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To effectuate that purpose, we conclude it is appropriate to address the trial court's statutory authority to enter the May 6 order through this original proceeding rather than as a part of the interlocutory appeal.

## Applicable Law

A trial court must rule on a TCPA motion to dismiss not later than the 30th day following the date of the hearing. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a); *see Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. denied) (statute requires that the court rule on the motion within thirty days of hearing and either dismiss the action or not). If the trial court does not rule on the motion within the time prescribed, the motion is considered denied by operation of law. TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a); *see also Dallas Morning News v. Mapp*, No. 05-14-00848-CV, 2015 WL 3932868, at *3 (Tex. App.—Dallas June 26, 2015, no pet.) (mem. op.).

This Court held in *Mapp* that a trial court's written order signed forty-one days after the hearing came too late and was void. *Mapp*, 2015 WL 3932868, at *3. In *Mapp*, a TCPA motion to dismiss was denied by operation of law and an interlocutory appeal was perfected before the trial court granted the TCPA motion. *Id.* at *1. This Court rejected the argument that rule 29.5 of the appellate rules permitted the trial court to belatedly rule on the TCPA motion during the interlocutory appeal of the denial of the motion by operation of law. *Id.* at *3. Rule 29.5 provides:

> While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case *and unless prohibited by statute* may make further orders, including one dissolving the order complained of on appeal.

TEX. R. APP. P. 29.5 (emphasis added). This Court concluded that the trial judge's act of signing an order more than thirty days after the hearing was "an act prohibited by statute" and, as such, Rule 29.5 was not applicable. We concluded the order was void and "the controlling ruling is the denial of the motion by operation of law." *Mapp*, 2015 WL 3932868, at \*3.

This Court has followed *Mapp* twice, concluding in each case that a trial court lacks statutory authority to rule on a TCPA motion to dismiss more than thirty days after the hearing on the motion. *See Dobrott v. Jevin, Inc.*, No. 05-17-01472-CV, 2018 WL 6273411, at \*1 (Tex. App.—Dallas Nov. 30, 2018, no pet.) (mem. op.) ("We conclude that, based on our existing precedent, the trial court had no authority to grant the TCPA motion to dismiss outside the time allowed by statute."); *see also Kim v. Manchac*, No. 05-17-00406-CV, 2018 WL 564004, at \*1 (Tex. App.—Dallas Jan. 26, 2018, no pet.) (mem. op.) (citing *Mapp* and reversing dismissal order issued forty-two days after hearing on TCPA motion).

In reaching its decision in *Mapp*, this Court agreed with and applied the reasoning of the Fourteenth Court in *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, 407 S.W.3d 398 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In *Direct Commercial Funding*, the trial court signed an order granting the defamation defendant's motion to dismiss six weeks after the motion was denied by operation of law. *Id.* at 401–02. After considering the plain language of the statute and its purpose, the Fourteenth Court concluded a trial court is not authorized to grant a motion to dismiss under the TCPA more than thirty days after the hearing on the motion. *Id.* The court also rejected the suggestion that rule 329b provided authority for the trial court to grant the motion to dismiss after it had been denied by operation of law. *Mapp*, 2015 WL 3932868, at \*3 (interpreting *Direct Commercial Funding*, 407 S.W.3d at 402). Rule 329b, which governs motions for new trial and motions to modify, correct, or reform judgments, specifically empowers a trial court to "grant a new trial or to vacate, modify, correct, or reform the judgment until thirty

–4–

days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e). The Fourteenth Court noted, however, that the TCPA does not contain an analogous provision empowering the trial court to grant a motion to dismiss after it has been overruled by operation of law. *Direct Commercial Funding*, 407 S.W.3d at 402.

## Discussion

Here, the trial court heard the motion to dismiss on February 18, 2019 and signed an order granting the motion on February 22, 2019. The trial court's statutory deadline to rule on the motion was March 20, 2019, thirty days after the February 18 hearing. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(a). That deadline is a "mandatory deadline that applies to the trial court's authority to rule on a motion to dismiss." *Direct Commercial Funding*, 407 S.W.3d at 401. The court's May 6, 2019 order vacating the February 22 order and denying the motion to dismiss was beyond that mandatory deadline, was not statutorily authorized, and is void. *See Mapp*, 2015 WL 3932868, at *3; *see also Direct Commercial Funding*, 407 S.W.3d at 401–02; *Kim*, 2018 WL 564004, at *1; *Avila*, 394 S.W.3d at 656. Further, Panchakarla's motion for new trial and motion for reconsideration did not extend the statutory deadline for the trial court to rule. *See Mapp*, 2015 WL 3932868, at *3 (the TCPA does not include a provision empowering the trial court to rule on a motion to dismiss after it has been overruled by operation of law) (citing *Direct Commercial Funding*, 407 S.W.3d at 402); *see also Avila*, 394 S.W.3d at 656 (TCPA includes no provision for extension of the thirty-day period in section 27.005(a)).

The trial court was statutorily prohibited from granting Panchakarla's motion for reconsideration and for new trial more than thirty days after the hearing on the TCPA motion and, as such, the trial court's May 6, 2019 order is void. The Hartleys are, therefore, entitled to mandamus relief.

Accordingly, we conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its May 6, 2019 order and reinstate its February 22, 2019 order granting the Hartleys' motion to dismiss within thirty days of the date of this opinion. A writ will issue if the trial court fails to comply.

/Ada Brown/
ADA BROWN
JUSTICE

190571F.P05