**Writ Conditionally Granted; Opinion Filed September 23, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01016-CV

## IN RE MARK NUSBAUM, CHRIS CLARK, AND LEAD EQUITY GROUP, LLC, Relators

**Original Proceeding from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-18742**

# MEMORANDUM OPINION

Before Justices Bridges, Myers, and Nowell
Opinion by Justice Myers

Mark Nusbaum, Chris Clark, and Lead Equity Group, LLC seek a writ of mandamus requiring the trial court to vacate its order denying relators' motion to dismiss under the Texas Citizens Participation Act (TCPA) because the trial court had granted the motion to dismiss in an earlier order and the court signed the order denying the motion to dismiss more than thirty days after the hearing on the motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001– .011.[1] Because the trial court lacked authority to vacate its earlier order to grant the motion to dismiss, we conditionally grant the writ.

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because the underlying lawsuit was filed before September 1, 2019, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

## BACKGROUND

Real parties in interest Wellington Management, LLC, WRC Advisers, LLC, and David Shaffer filed suit against relators, alleging relators breached their fiduciary duties, breached contracts, tortiously interfered with contracts, were unjustly enriched, and stole trade secrets by hiring the real parties in interest's employees and opening a competing business. Relators moved for dismissal under the TCPA of all the causes of action except theft of trade secrets.

The trial court held a hearing on the motion to dismiss on May 17, 2019.

Twenty-five days later, on June 11, the trial court signed an order granting the motion to dismiss the seven causes of action.

On July 30, seventy-four days after the hearing, the trial court signed the "Order Reconsidering and Denying TCPA Motion to Dismiss." The July 30 order states the trial court had further considered the motion to dismiss and concluded the motion to dismiss should be denied.

Two days later, on August 1, relators filed a motion asking the trial court to vacate the July 30 order and reconsider its ruling denying the motion to dismiss, and they attached a copy of this Court's opinion in *In re Hartley*, No. 05-19-00571-CV, 2019 WL 2266672 (Tex. App.—Dallas May 24, 2019, orig. proceeding [mand. pending]) (mem. op.). The trial court denied the motion to reconsider.

## AVAILABILITY OF MANDAMUS RELIEF

Mandamus generally issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus is also proper, however, if a trial court issues an order beyond its jurisdiction because such an order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). For example, mandamus is appropriate when

a trial court issues an order after its plenary power has expired. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding) (per curiam); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding). When an order is void, the relator need not show he lacks an adequate appellate remedy to obtain mandamus relief. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## MOTION TO DISMISS UNDER THE TCPA

The TCPA "is directed toward the expeditious dismissal and appeal of suits that are brought to punish or prevent the exercise of certain constitutional rights." *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, 407 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In keeping with that purpose, the TCPA requires the trial court to rule on the motion to dismiss within thirty days of the hearing. CIV. PRAC. § 27.005(a). If the trial court does not rule on a motion to dismiss under the TCPA within thirty days after the hearing, "the motion is considered to have been denied by operation of law and the moving party may appeal." *Id.* § 27.008(a).

In *In re Hartley*, this Court faced a nearly identical situation to that in this case. In that case, the defendants filed a motion to dismiss under the TCPA. *Hartley*, 2019 WL 2266672, at *1. The trial court held a hearing on the motion and, four days later, signed an order granting the motion and dismissing the claims of one of the plaintiffs against the defendants. *Id.* Thirty-two days after the hearing, the plaintiff whose claims were dismissed filed a motion for reconsideration. *Id.* Seventy-seven days after the hearing, the trial court granted the plaintiff's motion for reconsideration, vacated the earlier order granting the motion to dismiss, and ordered that the motion to dismiss was denied. *Id.* The defendants sought a writ of mandamus from this Court. We determined the trial court "was statutorily prohibited" from granting the motion for reconsideration more than thirty days after the hearing on the motion to dismiss and that the trial

–3–

court's order granting the motion for reconsideration, vacating the earlier order, and denying the motion to dismiss was void. *Id.* at *3. We conditionally granted the petition for writ of mandamus and ordered the trial court to vacate the order denying the motion to dismiss and to reinstate the order granting the motion to dismiss. *Id.*

There is no meaningful distinction between this case and *Hartley*. The trial court in this case, like the trial court in *Hartley*, was statutorily prohibited from reconsidering the granting of the motion to dismiss and ordering the motion be denied more than thirty days after the hearing. The real parties in interest argue that *Hartley* is distinguishable because they present arguments and authorities that were not discussed in this Court's opinion in *Hartley*. However, those arguments do not distinguish *Hartley*. If we agreed with those arguments, we would have to conclude *Hartley* was wrongly decided and must be overruled. We follow our own precedent. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 427 (Tex. App.—Dallas 2019, pet. denied). "We may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc." *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.). Accordingly, we adhere to our decision in *Hartley*.

We conditionally grant the writ of the mandamus. We direct the trial court to vacate the July 30, 2019 order denying relators' TCPA motion to dismiss and to reinstate the June 11, 2019 order granting relators' motion to dismiss within thirty days of the date of this opinion. A writ will issue if the trial court fails to comply.

191016F.P05

/Lana Myers/
_____
LANA MYERS
JUSTICE

–4–