**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed March 24, 2020.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-19-01018-CV

---

### IN RE FRANCI NEELY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-18862**

---

## MEMORANDUM OPINION

On December 27, 2019, relator Franci Neely filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Neely asks this court to compel the Honorable Robert Schaffer, presiding judge of the 152nd District Court of Harris County, to set aside his August 24, 2019 order granting the motion to dismiss Neely's claims under the Texas

Citizen's Participation Act ("TCPA")[1] as void because the trial court granted the motion more than 30 days after the hearing. We conditionally grant mandamus relief.

## I BACKGROUND

Real parties in interest Isaiah Allen and Keylin Allen were having professional photographs taken of their daughter on the esplanade in the Broadacres subdivision in Houston. An altercation ensued when Neely, a resident of the subdivision, approached the Allens and told them that they needed to leave because it was private property. The parties dispute each other's actions during the altercation. The Allens sued Neely for assault and battery, negligence, gross negligence, negligent misrepresentation, conversion, intentional infliction of emotional distress, and bystander claims. Neely filed a counterclaim for defamation, asserting that the Allens called her "racist" and reported false accounts of the incident.

On May 29, 2019, the Allens filed a motion to dismiss Neely's counterclaim pursuant to the TCPA, and, on June 5, 2019, Neely filed a motion to dismiss the Allens claims against her pursuant to the TCPA. The trial court held a hearing on the motions to dismiss on July 19, 2019, but did not rule on the motions at that time.

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because the underlying lawsuit was filed before September 1, 2019, the law in effect before September 1, 2019 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

On August 24, 2019, the trial court signed the order (1) granting the Allen's motion to dismiss Neely's counterclaim against the Allens with prejudice; (2) granting Neely's motion to dismiss in part as to the Allens' claims for negligence, gross negligence, negligent misrepresentation, conversion, and intentional infliction of emotional distress with prejudice; and (3) denying Neely's motion to dismiss as to the Allens' assault and battery and bystander claims.

Neely filed this original proceeding, seeking to compel the trial court to set aside the August 24, 2019 order granting the Allens' motion to dismiss as void. Neely asserts that the trial court lacked authority to rule on the Allen's motion to dismiss because the motion had been previously overruled by operation of law 30 days after the hearing.

## II. STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The relator need not show that the lack of an adequate remedy by appeal when the order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

3

Neely contends that the trial court lacked authority to rule on the Allens' motion to dismiss because the motion had been previously overruled by operation of law 30 days after the July 19, 2019 hearing, thereby rendering the August 24, 2019 order granting the Allens' motion to dismiss void.

The purpose of the TCPA is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). "If a legal action is based, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a).

The Texas Legislature included several specific deadlines in the TCPA. *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, 407 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The first deadline in the TCPA concerns the time during which a party may move to dismiss the action. *Id.* A motion to dismiss under the TCPA "must be filed" within 60 days after service of the legal action, but upon a showing of good cause, the trial court may extend the time to file the motion. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b).

The second deadline concerns the date of the hearing. *Direct Commercial Funding, Inc.*, 407 S.W.3d at 401. A hearing on the motion "must be set" within 60 days after the motion was served "unless docket conditions of the court require a later hearing, upon a showing of good cause, or agreement by the parties, but in no event shall the hearing occur more than 90 days after service of the motion under

Section 27.003, except as provided by Subsection (c)." Tex. Civ. Prac. & Rem. Code Ann. 27.004(a). Section 27.004(c) provides that, "[i]f the court allows discovery under that Section 27.006(b) the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003." *Id.* § 27.004(c).

The next deadline concerns the date by which the trial court must rule on the motion to dismiss after the hearing: "The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion." *Id.* § 27.005(a). In contrast to the first and second deadlines, this deadline is mandatory. *Direct Commercial Funding, Inc.*, 407 S.W.3d at 401. The legislature gave the trial court no discretion to extend this deadline, but instead provided that if the trial court does not rule on the motion within 30 days after the hearing, then the motion is overruled by operation of law. *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann.§ 27.008(a)). "The distinction drawn by the legislature between extendable deadlines and firm deadlines—and more particularly, the mandatory deadline that applies to the trial court's authority to rule on a motion to dismiss—would be meaningless if the trial court, acting sua sponte, could reverse the consequences imposed by statute for the failure to timely act." *Id.*

The Allens argue that the hearing did not occur on just one day, July 19, 2019, but continued over multiple days and cite a number of actions that took place after July 19, 2019. On July 11, 2019, Neely filed a motion to strike Keylyn Allen's June 21, 2019 affidavit and noticed the hearing on the motion to strike for July 26, 2019. At the July 19, 2019 hearing, the trial court requested additional briefing:

5

MR. MONTHY: Only thing, your Honor, would be submission for attorney's fees and costs. Would you like that now?

THE COURT: No. No. You see these people right here behind you now?

MR. MONTHY: I do, your Honor.

THE COURT: They have been waiting a half an hour. Y'all decide to submit a Request for Attorney's Fees and then I will take it up then.

MR. MONTHY: Thank you, your Honor.

MR. MCCONNELL: And, your Honor, on the Briefing, what is the deadline?

THE COURT: I want you to -- say by Wednesday to provide me with a case.

MS. JENNINGS: Yes.

MS. DICKENS-FULLER: A case.

THE COURT: And any Briefing.

MS. JENNINGS: Yes, your Honor.

THE COURT: All I want to know if there is a case relating to you accusing someone of being a racist.

MS. JENNINGS: Yes, your Honor.

THE COURT: Okay. Thank you very much.

On July 24, 2019, the Allens filed supporting case law, to which Neely responded on July 25, 2019. That day, Neely also noticed her motion to strike Kelyn Allen's affidavit for August 5, 2019. On July 31, 2019, the Allens set their special

6

exceptions for a hearing dated August 16, 2019. On August 5, 2019, the Allens filed a response to Neely's motion to strike the affidavit testimony.

On August 6, 2019, the Allens a filed their response to Neely's TCPA motion to dismiss, although they had previously filed their response in a misnamed document. On August 9, 2019, Neely filed a reply to the Allens' response to her TCPA motion to dismiss. On August 12, 2019, the trial court granted Neely's motion to strike parts of Kelyn Allen's June 21, 2019 affidavit.

The Allens' counsel states, based on his recollections at the August 16 hearing on the special exceptions, the motions to dismiss were discussed. Because no reporter's record of the August 16, 2019 hearing has been provided to this court, there is nothing to show that the motions to dismiss were addressed at that hearing.

On August 24, 2019, the trial court signed the order ruling on the TCPA motions to dismiss. The order reads, in relevant part:

> Pending before the Court is Plaintiff's Motion to Dismiss Defendant, Franci Neely's Counterclaim and Defendant, Franci Neely's Motion to Dismiss Pursuant to the Texas Citizens Participation Act. After considering the pleadings, evidence, and arguments of counsel, the Court finds that the Plaintiffs' motion should be granted and the Defendant's motion should be granted in part an denied in part.

The Allens point out that the order does not state that that the hearing had been held on July 19, 2019, but that the motions to dismiss were "[p]ending before the Court" and that it had considered "the pleadings, evidence and arguments of counsel," which the Allens assert had been submitted and made long after the July 19, 2019 hearing. The Allens contend that the hearing was ongoing at the request of Neely and the Allens and with the acquiescence and agreement of the trial court.

7

Therefore, according to the Allens, the July 19, 2019 hearing was the starting date of the hearing and the hearing did not end on that date.

The Allens rely on *Clinton v. Araguz*, in support of their position that the hearing did not conclude on July 19, 2019. *See* No. 13-18-00526-CV, 2019 WL 5793127 (Tex. App.—Corpus Christi Nov. 7, 2019, pet. denied) (mem. op.). However, the Allens' reliance on *Clinton* is misplaced. In *Clinton*, the trial court reset the hearing on the defendants' motion to dismiss, without discussing the merits of the motion, after the plaintiff's counsel did not appear at the hearing or respond the motion. *Id.* at *2. Before the reset hearing could take place, the defendant filed a notice of appeal, contending that their motion to dismiss was denied by operation of law because the trial court had failed to rule on it within 30 days of the original hearing date. *Id.* at *3. Based on the record, the court of appeals concluded that the trial court intended to postpone the hearing and held that the original hearing date did not constitute the actual date of the hearing. *Id.* at *4; *see also Summersett v. Jaiyeola*, 438 S.W.3d 84, 89 (Tex. App.—Corpus Christi 2013, pet. denied) ("The trial court held a hearing on the motion to dismiss that began on May 21, 2012, but was recessed and concluded on June 6, 2012.").

Here, the parties argued the merits of the motions to dismiss at the July 19, 2019 hearing and there was no intent expressed by the trial court at that hearing to continue or reset the hearing. This was recognized by the Allens, when, on August 15, 2019, they requested that the trial court rule on their motion to dismiss and reminded the trial court that it must rule on their motion to dismiss within 30 days of the July 19, 2020 hearing:

8

Plaintiffs' request for ruling on **PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM** which was heard on July 19, 2019 and was taken under advisement. Pursuant to the Texas Rules of Act [sic], once the hearing occurs, the trial court will rule within 30 days of the Hearing under section 27.005(a).

The Allens further argue that Neely's motion to strike affidavit testimony had the same effect as a request for discovery, and Neely suggested that the evidence before the court was incomplete or inaccurate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006. Section 27.006 provides:

> (a) In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.

> (b) On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.

*Id.* If the court allows discovery, the court may extend the hearing date, but no more than 120 days after the date of service of the motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c); *In re SSCP Mgmt., Inc.*, 573 S.W.3d 464, 470 (Tex. App.—Fort Worth 2019, orig. proceeding). The 30-day timeline for ruling on the motion to dismiss is reset in accordance with the extended hearing date. *Jones v. Heslin*, 587 S.W.3d 134, 136 (Tex. App.—Austin 2019, no pet.). The trial court may allow post-hearing discovery. *In re Bandin*, 556 S.W.3d 891, 896 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (Busby, J., concurring). To be considered, any allowed discovery must be received before the trial court rules on the motion, which it must do within 30 days after the hearing. *Id.* Thus, while

9

allowing the parties to conduct discovery may extend the hearing date, it does not extend the 30-deadline for the trial court to rule on a TCPA motion to dismiss.

There is nothing in the record to establish that the trial court extended the hearing after July 19, 2019, or recessed and reconvened the hearing at a later date. Indeed, there is no date in the record showing the specific date the hearing concluded other than the July 19, 2019 hearing, setting the 30-day deadline.

Therefore, we conclude that the trial court abused its discretion by granting the Allens' motion to dismiss more than 30 days after the hearing on the motion, and the August 24, 2019 order purporting to grant the motion to dismiss is void.[2] Moreover, because the challenged order is void, relator is not required to show that she does not have an adequate remedy by appeal. *See Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

Accordingly, we conditionally grant Neely's requested relief and direct the trial court to set aside its August 24, 2020 order to the extent that it grants the Allens' motion to dismiss. The writ will issue only if the trial court fails to act in accordance with this opinion.

---

[2] *See Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 72 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (holding that, because TCPA places 30-day deadline on trial court's authority to grant dismissal, court erred in signing untimely written orders granting dismissal after 30-day deadline and orders "were of no effect"); *Dallas Morning News, Inc. v. Mapp*, No. 05-14-00848-CV, 2015 WL 3932868, at *1 (Tex. App.—Dallas June 26, 2015, no pet.) (mem. op.) (holding that "the trial court was without authority to grant the motion to grant the [TCPA] motion outside the time allowed by statute; thus, the trial court's order granting the motion is void"); *Direct Commercial Funding, Inc.*, 407 S.W.3d at 402 (holding that trial court erred in granting motion to dismiss because it was not authorized to do so more than 30 days after hearing on motion).

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.