# IN THE SUPREME COURT OF TEXAS

═══════════
No. 19-0585
═══════════

IN RE PRAVEEN PANCHAKARLA, RELATOR

═══════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════

## PER CURIAM

The issue in this mandamus proceeding is whether the Texas Citizens Participation Act (TCPA) prohibits a trial court from exercising its plenary power to vacate an order granting a motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.005(a), .008(a). The court of appeals held that the trial court had no power to vacate its own order after the statutory deadline for ruling on the motion had expired. *In re Hartley*, No. 05-19-00571-CV, ___ S.W.3d ___ (Tex. App.—Dallas May 24, 2019, orig. proceeding). We disagree and therefore conditionally grant mandamus relief.

The Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The TCPA achieves this balance by authorizing "expedited consideration of any suit that appears to stifle the defendant's communication on a matter of public concern." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The statute establishes deadlines for filing, holding a hearing, and ruling on a motion to dismiss; permits an interlocutory appeal when the dismissal motion is denied either

by ruling or by operation of law; and requires appellate courts to expedite all appeals, whether interlocutory or not, regardless of the underlying disposition. TEX. CIV. PRAC. & REM. CODE §§ 27.003–.005, .008; 51.014(a)(12).

This dispute centers on the TCPA's deadline for ruling on a motion to dismiss. Section 27.005(a) requires the trial court to rule on a TCPA dismissal motion "not later than the 30th day following the date the hearing on the motion concludes." *Id.* § 27.005(a). If the trial court does not issue a timely ruling, "the motion is considered to have been denied by operation of law and the moving party may appeal." *Id.* § 27.008(a). An interlocutory appeal is also authorized from the trial court's timely denial of a dismissal motion. *Id.* § 51.014(a)(12). An interlocutory appeal from denial of a TCPA motion—whether by ruling or by operation of law—automatically stays all trial court proceedings. *Id.* § 51.014(b). If the trial court timely grants the motion to dismiss, an order disposing of the entire case is appealable to the same extent as any other final judgment. But if granting the motion does not resolve the entire controversy, the order is interlocutory and unappealable unless made final by severance.

In this case, the hearing on the defendants' TCPA motion to dismiss concluded on February 18, 2019, and four days later, on February 22, 2019, the trial court timely signed an order granting the motion and dismissing the plaintiff's claims with prejudice. The plaintiff timely filed a motion for reconsideration and new trial on March 22, 2019, arguing that new and controlling authority was contrary to the court's disposition. *See* TEX. R. CIV. P. 329b(a) (new-trial motion must be filed within 30 days). The trial court was persuaded and, on May 6, 2019, vacated the February 22 dismissal order and denied the motion to dismiss. These actions were well within the trial court's plenary jurisdiction, and no party contends a stay order was in place. *See L.M.*

2

*Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (plenary power expires 30 days after a timely filed motion for new trial is denied or overruled by operation of law, extending to a maximum of 105 days after the trial court signed the judgment); TEX. R. CIV. P. 329b(a), (c), (e).

The defendants promptly filed an interlocutory appeal from the denial of their TCPA motion, *see* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12), and contemporaneously sought mandamus relief from the court of appeals, *see* TEX. GOV'T CODE § 22.221. In the mandamus proceeding, the defendants argued the trial court had no power to vacate the February 22 order and rule anew on the dismissal motion because Section 27.005(a) required the court to not only issue a ruling within 30 days after the dismissal hearing concluded but also to rule on all related motions within that period. The court of appeals agreed and conditionally granted mandamus relief. *In re Hartley*, ___ S.W.3d at ____.

The court held that "[t]he trial court was statutorily prohibited from granting [the plaintiff's] motion for reconsideration and for new trial more than thirty days after the hearing on the TCPA motion and, as such, the trial court's May 6, 2019 order is void." *Id.* (discussing *Dallas Morning News, Inc. v. Mapp*, No. 05-14-00848-CV, 2015 WL 3932868, at *3 (Tex. App.—Dallas June 26, 2015, no pet.) (mem. op.), which holds that a trial court has no power to rule on a TCPA dismissal motion after it has been overruled by operation of law). The court reasoned that the 30-day ruling period is a "'mandatory deadline that applies to the trial court's authority to rule on a motion to dismiss,'" and once that deadline expired, the trial court had no power to vacate its dismissal order or grant a new trial. *Id.* (quoting *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, 407 S.W.3d 398, 401 (Tex. App.—Houston [14th Dist.] 2013, no pet.), which held that the trial court lacked authority to grant a TCPA dismissal motion after it had been overruled by operation of law).

3

The court conditionally granted mandamus relief ordering the trial court to vacate the May 6 order and reinstate the February 22 order dismissing the case. *Id.* The trial court complied with that mandate, reinstated the February 22 dismissal order, and notified the court of appeals of these events.

We review the court of appeals' mandamus ruling for abuse of discretion, but our focus is on the trial court's order. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding). An appellate court can issue a writ of mandamus only if the trial court abused its discretion and an adequate appellate remedy is lacking. *Id.*; *see In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding) ("If the trial court did not abuse its discretion, then the court of appeals erred in granting mandamus relief."). If a trial court issues an order "beyond its jurisdiction," mandamus relief is appropriate because such an order is void ab initio. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). We hold that the court of appeals erred in conditionally granting mandamus relief here because the trial court acted within its discretion to vacate its dismissal order.

We have long recognized that trial courts retain plenary power over their judgments until they become final, *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993), and during that time, the court may grant a new trial or vacate, modify, correct, or reform the judgment, *see* TEX. R. CIV. P. 329b. A "trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is [rendered]." *Fruehauf Corp.*, 848 S.W.2d at 84. Whether the TCPA prohibits trial courts from exercising their plenary power to revisit their Section 27.005(a) rulings after the 30-day window has closed depends on the Legislature's intent as manifested in the enacted language.

4

The proper construction of a statute is a question of law we review de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). When a statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). We construe statutes and related provisions as a whole, not in isolation, *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001), and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect, *cf. City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). In construing the TCPA, we are also mindful that it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions," and it must be "construed liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE § 27.011.

In TCPA cases, the Legislature has expressly constrained trial-court authority over TCPA orders in a very limited way: by making interlocutory orders denying TCPA dismissal motions immediately appealable and automatically staying all trial court proceedings until a perfected interlocutory appeal has been concluded. *See id.* § 51.014(a)(12), (b). But the TCPA is silent about a trial court's authority to reconsider either a timely issued ruling granting a TCPA motion to dismiss or a timely order denying such a motion when no interlocutory appeal is pending. Construing the statutory scheme as a whole, and giving weight to the language the Legislature included and excluded, we hold that the TCPA does not impose a 30-day restriction on a trial court's authority to vacate a ruling on a TCPA motion to dismiss.

5

The TCPA requires a trial court to rule on a dismissal motion within 30 days after the conclusion of a hearing on that motion, and once the deadline expires without a ruling, the motion is deemed denied as of that date. *Id.* §§ 27.005(a), .008(a). In this case, unlike those the court of appeals relied on, the trial court made a timely ruling on the dismissal motion. The question presented is whether the trial court could vacate that timely issued order after Section 27.005(a)'s 30-day window closed. While the TCPA imposes myriad deadlines, no statutory provision speaks to this issue. *See id.* §§ 27.001–.011. Section 51.014 of the Civil Practice and Remedies Code constrains the trial court's authority to act on a prior ruling, but only when an interlocutory appeal is pending. Section 27.005(a) requires a timely ruling, but says nothing about a trial court's power to vacate such a ruling outside the statute's 30-day deadline. To hold that the trial court had no power to vacate the dismissal order based on new precedent, as occurred here, would require us to "judicially amend" the TCPA "by adding words that are not contained in the language of the statute." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015). But we cannot do so because the statute's "text is the alpha and the omega of the interpretive process." *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017).

Put simply, nothing in the statutory scheme prohibits trial courts from vacating their own orders when they otherwise have plenary power to do so. Here, once the trial court vacated its February 22 order, as it had authority to do, no ruling on the dismissal motion was in place. Accordingly, the motion to dismiss was either overruled by operation of law for want of a timely ruling, *see* TEX. CIV. PRAC. & REM. CODE § 27.008(a), or denied by the trial court in a new trial. In this procedural posture, we need not consider whether the trial court's order granting a new trial restarted the trial clock and permitted a new hearing and ruling on the dismissal motion, because

6

even if it did not, the same result ensues. Whether the trial court properly denied the defendants' TCPA motion or whether it was overruled by operation of law on vacatur of the prior order, the defendants can seek relief by interlocutory appeal as the Legislature contemplated.

Accordingly, without hearing oral argument, we conditionally grant the petition for writ of mandamus and order the court of appeals to vacate its conditional writ because the trial court did not abuse its discretion in vacating the February 22 order. *See* TEX. GOV'T CODE § 22.002(a); TEX. R. APP. P. 52.8(c). Our writ will issue only if the court of appeals does not comply.

**OPINION DELIVERED:** May 8, 2020